UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

**FILED**

MAY 15 2018



| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>DR. JOHN A. MILLIN; and<br>DR. JOHN A. MILLIN, individually,<br><br>Relator,<br><br>vs.<br><br>LARRY F. KRAUSE, an individual; and<br>KRAUSE-ALLBEE TRUCKING, INC., a South<br>Dakota Corporation,<br><br>Defendants. | 1:17-CV-01019-CBK<br><br><br><br>ORDER |

## BACKGROUND

On May 4, 2018, defendants filed a motion requesting this Court amend its prior order on

the defendants' motion to dismiss to certify two questions of law undecided in the Eighth

Circuit: (1) whether the False Claims Act is subject to a six- or ten-year statute of limitations

where the government declines to join a claim brought by a private party and (2) whether the

intracorporate conspiracy doctrine applies to bar conspiracy claims brought under the False

Claims Act. Relator opposes any such certification.

## DECISION

### I. Standard for Interlocutory Appeal Certification

Pursuant to 28 U.S.C. § 1292(b), when a district court issues an order "involv[ing] a

controlling question of law as to which there is substantial ground for difference of opinion" and

determines that "an immediate appeal from the order may materially advance the ultimate termination of the litigation," an appeal may be taken from such order. Three criteria for certification are required: "the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994) (internal citations omitted). While § 1292(b) provides an avenue for interlocutory appeals, "[p]ermission to allow interlocutory appeals should . . . be granted sparingly and with discrimination" as "most often such appeals result in additional burdens on both the court and the litigants." Union Cty, Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008) (*per curiam*). It has "long been the policy of the courts to discourage piece-meal appeals." *Id.* (internal citations omitted). Further, § 1292(b) should be invoked "only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation"; it was not "intended merely to provide review of difficult rulings in hard cases." *Id.* (internal citations omitted). When requesting certification, the movant "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." White, 43 F.3d at 376.

**II. Defendants do not meet the requirements for certification under 1292(b)**

Evaluating the three criteria for certification, this Court finds that defendants have not met their burden of demonstrating that the case warrants interlocutory appeal.

1. Controlling Question of Law: A controlling question of law "must raise some question of law which governs at least a claim, if not the whole case or defense." 4 Am. Jur. 2d Appellate Review § 120 (2018). The question "need not be dispositive of the lawsuit in order to be

regarded as controlling." *Id.* A case must be sufficiently ripe to warrant certification, so that

certification does not result in "advisory opinions rendered on hypotheses" which evaporate "in

the light of full factual development"; as such, denial of certification is appropriate where the

factual basis of the claim is not sufficiently developed. Paschall v. Kansas City Star Co., 605

F.2d 403, 406 (8th Cir. 1979) (internal citations omitted). The questions defendants seek to

certify represent possible controlling questions of law governing both the conspiracy claim and

claims that antedate the six-year statute of limitations period. However, the factual record is not

sufficiently developed so that certification would not amount to a request for an advisory

opinion.

2. Substantial Difference of Opinion: As matters of first impression in the Eighth Circuit, on

which other circuits disagree, it is certain that a substantial difference of opinion could arise with

regard to both the limitations period and applicability of the intracorporate conspiracy doctrine to

the False Claims Act. U.S. ex rel. Millin v. Krause, 2018 WL 1885672 (D.S.D. 2018); *see also*

White, 43 F.3d at 378. However, the differences of opinion are not simply questions of law, but

also questions of fact, which I will later discuss. *See, e.g.*, McCardle v. Mitchell School Dist.,

2005 WL 1532597, *1 (D.S.D. 2005). The Court agrees with defendants that a substantial

difference of opinion exists with regard to at least one question which defendants seek to certify.

3. Materially Advance Outcome of Case: An interlocutory appeal pursuant to § 1292(b)

must materially advance the ultimate termination of litigation. When litigation "will be

conducted in substantially the same manner regardless of [appellate] decision, the appeal cannot

be said to materially advance the ultimate termination of the litigation." White, 43 F.3d at 378.

Defendants have not met their burden of establishing that an interlocutory appeal satisfies this

3

criterion. Regardless of how the Eighth Circuit would decide the questions that defendants seek

to certify, a jury trial on substantially the same issues regarding defendants' false claims must

still transpire. Conducting discovery and trial as to farm operating plans and similar filings

received for ten years instead of six, as plaintiffs have noted, will not be substantially more

burdensome. The conspiracy claim is based on related factual allegations.

This Court further disagrees with defendants that, should they succeed on appeal after

trial, a contrary ruling by the Eighth Circuit on either the statute of limitations or intracorporate

conspiracy questions would necessitate a retrial. The Court is cognizant of defendants' desire to

limit preventable litigation and similarly seeks to optimize judicial resources. With these

considerations in mind, the Court intends to carefully draft interrogatories for the jury that will

render retrial unnecessary. There is then little potential that certification would avoid protracted

and expensive litigation, materially advance the ultimate termination of litigation, or serve the

interests of judicial economy. Rather, were the Court to certify defendants' questions, multiple

hearings on the same issues, resulting in additional burdens on the court and litigants, are likely

to result.

There are other reasons why the motion should be denied. We are involved here not only

with literal readings of the statutes of limitations but also with substantial questions of equitable

estoppel due to claimed fraudulent concealment and questions of equitable tolling of any statute

of limitations under the alleged facts of this case, all of which must be construed at this point in

favor of Relator. There is no way that the United States Court of Appeals for the Eighth Circuit

is going to pass on these questions at this stage of the litigation. It would be, in my opinion, a

waste of time and money for the parties to certify what defendants seek to have certified. I do not

4

believe that, in the nearly 23 years that I have been a United States District Judge, I have ever certified a case of this nature for interlocutory appeal. We should proceed with discovery and, in the absence of a settlement, proceed to try the case.

The motion at Doc. 51 should be denied.

## ORDER

Now, therefore,

IT IS ORDERED:

1. Defendants' motion to amend or correct the order on motion to dismiss, Doc. 51, is

   denied.

Dated this 15th day of May, 2018.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge